**SCOTT D. HUGHES, APLC**
Scott D. Hughes, Esq. (Bar No. 253611)
620 Newport Center Drive, Suite 1100
Newport Beach, CA 92660
Telephone:  (714) 423-6928
Facsimile:  (714) 845-0030
E-mail: scott@scotthugheslaw.com

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DE LA HUERTA,<br><br>              Plaintiff,<br><br>v.<br><br>CITY OF HEMET; OFFICER D. CABALLERO; OFFICER T. TAITAGUE; OFFICER S. GORDON; and DOES 1 through 10, inclusive,<br><br>              Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1.  **Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983);**<br>2.  **Assault and Battery;**<br>3.  **Negligence;**<br>4.  **Violation of Bane Act (Cal. Civ. Code § 52.1.;**<br>5.  **Malicious Prosecution; and**<br>6.  **Deliberate Fabrication of Evidence (14th Amendment).**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff Robert De La Huerta, for his complaint against Defendants City of Hemet, Officer D. Caballero, Officer T. Taitague, Officer S. Gordon, and Does 1-10, inclusive, and alleges as follows:

## INTRODUCTION

1.    This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the January 2, 2017 assault and battery by Police Officers D. Caballero, T. Taitague, and S. Gordon.

## PARTIES

2.    At all relevant times, Plaintiff ROBERT DE LA HUERTA (hereinafter "Plaintiff") was an individual residing in the City of Hemet, County of Riverside, State of California.

3.    At all relevant times, Defendant CITY OF HEMET (hereinafter "CITY") was and is a municipal corporation and political subdivision organized and existing under the laws of the State of California and owns, operates, manages, directs and controls the HEMET Police Department, an operating department of the CITY.

4.    At all relevant times, Defendant OFFICER D. CABALLERO (HEMET P.D. ID #10179) (hereinafter "CABALLERO"), was employed as a police officer with the HEMET P.D.

5.    At all relevant times, Defendant OFFICER T. TAITAGUE (HEMET P.D. ID #10548) (hereinafter "TAITAGUE"), was employed as a police officer with the HEMET P.D.

6.    At all relevant times, Defendant OFFICER S. GORDON (HEMET P.D. ID #10563 (hereinafter "GORDON"), was employed as a police officer with the HEMET P.D.

7.    At all relevant times, Defendants CABALLERO, TAITAGUE, GORDON, and DOES 1-10 were duly authorized employees and agents of the HEMET P.D., who were acting under color of law within the course and scope of their respective duties as duly appointed police officers and with the complete authority and ratification of their principal,

Defendant HEMET P.D.

8.      At all relevant times, Defendants CABALLERO, TAITAGUE, GORDON, and DOES 1-10 were duly appointed officers and/or employees or agents of HEMET P.D., subject to oversight and supervision by HEMET P.D.'s chief and/or supervisors.

9.      In doing the acts and failing and omitting to act as hereinafter described, Defendants CABALLERO, TAITAGUE, GORDON, and DOES 1-10 were acting on the implied and actual permission and consent the City of Hemet.

10.     At all times mentioned herein, each and every CITY defendant was the agent of each and every other CITY employee defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every CITY defendant.

11.     The true names of defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained.  Each of the fictitiously named defendants is responsible in some manner for the conduct and liabilities alleged herein.

12.     On June 27, 2017, Plaintiff filed comprehensive and timely claims for damages with the City of Hemet pursuant to applicable sections of the California Government Code. Among other things, Plaintiff claims that Defendants CABALLERO, TAITAGUE, GORDON, and DOES 1-10, without cause of justification, forcible entered Plaintiff's residence and physically assaulted him without provocation.

13.     The City of Hemet rejected Plaintiff's claims for damages by operation of law by failing to respond.

## JURISDICTION AND VENUE

14.     This civil action is brought for the redress of alleged deprivations of the Plaintiff's federal constitutional rights as protected by 42 U.S.C. §§ 1983 and 1988, the Fourth and Fifth Amendments of the United States Constitution, California common law, the California Constitution, and the Bane Act.  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

15.     Venue is proper in this Court under 28 U.S.C. § 1391(b), because Plaintiff resides in, and all incidents, events, and occurrences giving rise to this action occurred in the Central District of California.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

16.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 16 of this Complaint with the same force and effect as if fully set forth herein.

17.     At all times relevant herein, Plaintiff was a 31-year-old male, living at home in an apartment in the City of Hemet, State of California.  Plaintiff resided at his apartment with his fiancé.

18.     Between the late night hours of January 2, 2017 and the early morning hours of January 3, 2017 (hereinafter the "Time of the Incident"), Defendants CABALLERO, TAITAGUE, and GORDON, and Does 1 to 10, inclusive (hereinafter collectively referred to as "Officer Defendants") arrived at Plaintiff's residence after receiving a dispatch call involving reports of a potential disturbance.  No crime had been committed nor was to be committed in the future.  The dispatch call contained no mention of a weapon, dangerous circumstances, or injury to any of the involved parties.

19.     The Officer Defendants arrived at Plaintiff's front door and Plaintiff cooperated with the Responding Defendants by opening the door for them.  Plaintiff had a security screen as well but kept it closed and locked while he spoke with the Responding Defendants.

20.     On information and belief, Plaintiff alleges the encounter alleged herein was recorded by the Defendant Officers body worn cameras.

21.     At all times relevant herein, Plaintiff's fiancé was present with him at the front door in plain sight of the Officer Defendants.  Nevertheless, the Officer Defendants insisted that they must enter the apartment to conduct a search of the premises.  They stated that they suspected Plaintiff of domestic violence and had to search the premises due to their suspicion.  Plaintiff informed the Officer Defendants that he and his fiancé were the only persons present in the apartment and Plaintiff's fiancé corroborated the fact that they were

the only two people present at the apartment.  Plaintiff's fiancé also confirmed that she was safe and unharmed.

22.   Nevertheless, the Officer Defendants continued to escalate the situation and demand that Plaintiff unlock his security door and allow them to enter his apartment to conduct a search.  Plaintiff refused to open the security door and asked them to produce a warrant and the Officer Defendants insisted they do not have one and do not need one. Plaintiff also asked to speak to Officer Defendants' supervisor before opening the security door.  Shortly thereafter, the Officer Defendants gave Plaintiff an ultimatum and a final demand to open his security door.  Immediately thereafter, Officer Defendants tore Plaintiff's locked security door off its hinges and attacked Plaintiff.  In total, approximately 2 1/2 minutes had elapsed between the time Officer Defendants arrived at Plaintiff's front door and the time they tore it off its hinges and ran into Plaintiff's home attacking Plaintiff.

23.   Plaintiff's fiancé immediately started yelling to the Officer Defendants that Plaintiff had just recently had spinal surgery. In fact, on October 16, 2016, Plaintiff had undergone a multilevel Lumbar Fusion and was still in recovery from that surgery. Despite the repeated loud warnings, the Officer Defendants entered Plaintiff's apartment without Plaintiff's consent, forcefully grabbed Plaintiff and his fiancé, struck Plaintiff repeatedly in the head and body, tazed Plaintiff repeatedly, tackled Plaintiff and forced him to the ground, forced their knees into Plaintiff's back and neck, and punched Plaintiff in the face breaking his nose, seriously and permanently injuring Plaintiff's spine.

24.   Plaintiff suffered broken bones, multiple lacerations, sprains and strains, as well as permanent spinal injury and irreparable damage to the surgical areas of Plaintiff's spine.  Officer Defendants placed Plaintiff under arrest, claiming that he had resisted arrest. No charges were made against Plaintiff as to any other purported wrongdoing. Officer Defendants attempted to book Plaintiff at Riverside County Jail (Robert Presley Detention Center) but Plaintiff's immediate acute injuries were so severe, they were told he must go to the E.R. first.

25.   Plaintiff was charged in Riverside Superior Court in Case No. BAM1702971

1   with three counts of misdemeanor Penal Code 148 resisting, obstructing or delaying an

2   officer in lawful performance of his duties and two misdemeanor counts of Penal Code 69

3   resisting arrest by force.  The matter proceeded to jury trial and Plaintiff was acquitted in all

4   but two counts of Penal Code 148 which were dismissed by the Court under Penal Code

5   1385 in furtherance of justice.

6

7                                   **FIRST CLAIM FOR RELIEF**

8          **Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

9                    **(Against All Officer Defendants; and DOES 1-10)**

10         26.    Plaintiff repeats and realleges each and every allegation in paragraphs 1

11   through 25 of this Complaint with the same force and effect as if fully set forth herein.

12         27.    The Fourth Amendment to the United States Constitution prohibits the use of

13   excessive or unreasonable force against a person in order to apprehend or take them into

14   custody.  Here, the use of excessive force against Plaintiff by the Officer Defendants and

15   DOES 1-10 was excessive and unreasonable under the circumstances because when the

16   Officer Defendants forcibly entered Plaintiff's apartment and physically attacked him,

17   Plaintiff had committed no serious crime, Plaintiff had not threatened to harm or had harmed

18   anyone, Plaintiff was unarmed, and neither the Officer Defendants nor any other person were

19   at risk of or about to be attacked or harmed by Plaintiff.  Moreover, at the time of the

20   incident, Plaintiff did not pose an immediate threat of death or serious bodily injury to the

21   Responding Defendants or to anyone else.

22         28.    As a result of the excessive and unreasonable force used against Plaintiff, he

23   suffered serious physical and emotional injuries, including, but not limited to, sustaining

24   broken bones, lacerations, sprains and strains, as well as permanent spinal injury.

25         29.    Plaintiff was not armed during the incident and at no time during the incident

26   did he verbally threaten or attempt to punch, kick, or grab the Officer Defendants, DOES 1-

27   10 or any other person.

28         30.    As a result of the conduct of the Officer Defendants and DOES 1-10, they are

1   liable for Plaintiff's injuries, either because they were integral participants in the excessive

2   force, or because they failed to intervene to prevent these violations.

3       31.    The conduct of the Officer Defendants and DOES 1-10 was willful, wanton,

4   malicious and done with a reckless disregard for the rights and safety of Plaintiff and

5   therefore warrants the imposition of exemplary and punitive damages against them.

6       32.    Plaintiffs also seek attorneys' fees under this claim.

7   **<u>SECOND CLAIM FOR RELIEF</u>**

8   **Assault and Battery (Cal. Govt. Code § 820)**

9   **(Against All Defendants)**

10      33.    Plaintiff repeats and realleges each and every allegation in paragraphs 1

11  through 32 of this Complaint with the same force and effect as if fully set forth herein.

12      34.    Defendants CABALLERO, TAITAGUE, and GORDON, and DOES 1-10,

13  while working as police officers for the City of Hemet, and acting within the course and

14  scope of their duties, physically attacked Plaintiff, without provocation, by striking Plaintiff

15  with their fists and feet, tackling Plaintiff to the ground, firing at and hitting Plaintiff with a

16  taser.  Defendants CABALLERO, TAITAGUE, GORDON, and DOES 1-10 had no legal

17  justification for using force against Plaintiff and said Defendants' use of force, while

18  carrying out their duties as police officers, was an unreasonable use of force.  As a direct and

19  proximate result of Defendants' conduct as alleged above, Plaintiff was caused to suffer

20  severe bodily injuries.

21      35.    The CITY is vicariously liable for the wrongful acts of Defendants

22  CABALLERO, TAITAGUE, GORDON, and DOES 1-10 pursuant to section 815.2(a) of the

23  California Government Code, which provides that a public entity is liable for the injuries

24  caused by its employees within the scope of the employment if the employee's act would

25  subject him or her to liability.

26      36.    The conduct of Defendants CABALLERO, TAITAGUE, and GORDON and

27  DOES 1-10 was malicious, wanton, oppressive, and accomplished with a conscious

28  disregard for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive

1  damages.

2  **THIRD CLAIM FOR RELIEF**

3  **Negligence (Cal. Govt. Code § 820)**

4  **(Against All Defendants)**

5       37.    Plaintiff repeats and realleges each and every allegation in paragraphs 1

6  through 36 of this Complaint with the same force and effect as if fully set forth herein.

7       38.    The actions and inactions of the Defendants were negligent and reckless,

8  including but not limited to:

9            (a)    the failure to properly and adequately assess the need to use force

10                    against Plaintiff;

11            (b)    the negligent tactics and handling of the situation with Plaintiff,

12                    including the improper entry into Plaintiff's home; unlawful verbal

13                    threats against Plaintiff and improper escalation of the events; and

14            (c)    the negligent detention, arrest and use of force against Plaintiff.

15       39.    As a direct and proximate result of Defendants' conduct as alleged above, and

16  other undiscovered negligent conduct, Plaintiff suffered emotional and physical injuries.

17  Plaintiff seeks damages under this claim.

18       40.    The CITY is vicariously liable for the wrongful acts of CABALLERO,

19  TAITAGUE, GORDON, and DOES 1-10 pursuant to section 815.2 (a) of the California

20  Government Code, which provides that a public entity is liable for the injuries caused by its

21  employees within the scope of the employment if the employee's act would subject him or

22  her to liability.

23  **FOURTH CLAIM FOR RELIEF**

24  **Violation of Bane Act (Cal. Civil Code § 52.1(b))**

25  **(Against All Defendants)**

26       41.    Plaintiff repeats and realleges each and every allegation in paragraphs 1

27  through 40 of this Complaint with the same force and effect as if fully set forth herein.

28       42.    California Civil Code, Section 52.1(b) (the Bane Act) grants a private right of

action to any person whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of the State of California, have been interfered with. California Courts have further interpreted this section to accord a right of action for conduct that violates a person's right to be free from excessive or unreasonable force under state and federal law. See *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105–06 (9th Cir. 2014) ("a successful claim for excessive force under the Fourth Amendment provides the basis for a successful claim under [the Bane Act]"); see also *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013) ("the elements of excessive force claim under § 52.1 are the same under § 1983."); *Knapps v. City of Oakland*, 647 F. Supp. 2d 1129, 1168 (N.D. Cal. 2009), amended in part (Sept. 8, 2009) ("The elements of a section 52.1 excessive force claim are essentially identical to those of a § 1983 excessive force claim."); *Totten v. City of Torrance*, CV 10-7050-ODW PLA, 2011 WL 4528191, at *7 (C.D. Cal. Sept. 30, 2011) (same). An excessive force claim under the Bane Act does not need independent evidence of threats, intimidation, or coercion. See, e.g., *Garlick v. Cty. of Kern*, 167 F. Supp. 3d 1117, 1179 (E.D. Cal. 2016) ("Contrary to Defendants' assertion, this Court has found that if a plaintiff makes factual allegations showing a constitutional violation based on excessive force, a plaintiff need not, in addition, introduce independent evidence showing threats, intimidation, or coercion."); *Jones v. Cty. of Contra Costa*, CV 13-05552 TEH, 2016 WL 1569974, at *6 (N.D. Cal. Apr. 19, 2016).

43.     The use of force by Defendants CABALLERO, TAITAGUE, GORDON, and DOES 1-10, was excessive and unreasonable under the circumstances. At the time of the use of force, Plaintiff had committed no serious crime, Plaintiff was unarmed, was not resisting obstructing or delaying an officer, Plaintiff never attempted to harm anyone, and Plaintiff never did harm anyone.

44.     At the time Defendants CABALLERO, TAITAGUE, GORDON, and DOES 1-10 forcibly entered Plaintiff's apartment and physically attacked him, Plaintiff had committed no serious crime, Plaintiff had not threatened to harm or had harmed anyone, Plaintiff was unarmed, and neither the officers nor any other person were at risk of or about

to be attacked or harmed by Plaintiff.  Moreover, at the time of the incident, Plaintiff did not pose an immediate threat of death or serious bodily injury to the officers or to anyone else. By these actions, Defendants CABALLERO, TAITAGUE, GORDON, and DOES 1-10, while working as police officers for the CITY, and acting within the course and scope of their employment, interfered with Plaintiff's rights to be free from excessive and unreasonable force, from unreasonable searches and seizures, to adequate medical care for injuries sustained in the course of being apprehended by law enforcement, to equal protection of the laws, and to be free from state actions that shock the conscience.

45.     Plaintiff was caused to suffer severe injuries in his mind and to his body. Plaintiff also incurred medical expenses.

46.     The conduct of Defendants CABALLERO, TAITAGUE, GORDON, and DOES 1-10 was a substantial factor in causing Plaintiff's harm, loss, injuries, and damages.

47.     The CITY and HEMET P.D. are vicariously liable for the wrongful acts of Defendants CABALLERO, TAITAGUE, GORDON, and DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

48.     The conduct of Defendants CABALLERO, TAITAGUE, GORDON, and DOES 1-10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, justifying an award of punitive damages against these individual defendants.

### FIFTH CLAIM FOR RELIEF

**Violation of Fourth and Fifth Amendment Rights: Malicious Prosecution**

**(Against All Defendants)**

49.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 48 of this Complaint with the same force and effect as if fully set forth herein.

50.     This claim is against all Defendants for malicious prosecution and abuse of authority in violation of Plaintiff's Fourth and Fifth Amendment rights.

51.    Despite knowing that Plaintiff had not committed any violations of law including Penal Code section 148 and 69, Defendants arrested and charged Plaintiff with violations of Penal Code sections 148 and 69.

52.    The criminal proceedings ended in Plaintiff's favor.

53.    Defendants acted for a malicious purpose rather than to bring Plaintiff to justice.

54.    As a direct, proximate result of Defendants' acts and omissions, Plaintiff has suffered physical, emotional and financial injuries, entitling Plaintiff to compensatory and punitive damages in accordance with proof at trial.

## SIXTH CLAIM FOR RELIEF

**Deliberate Fabrication of Evidence in Violation of the Fourteenth Amendment**

**(Against All Defendants)**

55.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 54 of this Complaint with the same force and effect as if fully set forth herein.

56.    Despite knowing that Plaintiff had not committed any violations of law including Penal Code section 148 and 69, Defendants arrested and charged Plaintiff with violations of Penal Code sections 148 and 69.

57.    The criminal proceedings ended in Plaintiff's favor.

58.    Defendants deliberately fabricated evidence that was used to arrest and charge the Plaintiff.

59.    As a direct, proximate result of Defendants' acts and omissions, Plaintiff has suffered physical, emotional and financial injuries, entitling Plaintiff to compensatory and punitive damages in accordance with proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment in his favor and against Defendants City of Hemet, Officer C. Caballero, Officer T. Taitague, Officer S. Gordon, and Does 1-10, inclusive, as follows:

A.    For compensatory damages under federal and state law, in the amount to be

1  proven at trial;

2       B.     Medical expenses;

3       C.     For punitive damages against the individual defendants in an amount to be

4  proven at trial;

5       D.     For interest;

6       E.     For reasonable costs of this suit and attorneys' fees; and

7       F.     For such further other relief as the Court may deem just, proper, and

8  appropriate.

9  DATED: February 18 , 2020        SCOTT D. HUGHES, APLC

10

11                 /s/ *Scott D. Hughes*

               SCOTT D. HUGHES

12                 Attorney for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

2

3        Plaintiff hereby demands a trial by jury.

4

5    DATED: February __18__, 2020              SCOTT D. HUGHES, APLC

6

7                                            /s/  *Scott D. Hughes*
                                            _____
8                                            SCOTT D. HUGHES
                                            Attorney for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-12-